In re coordinated **Pretrial Proceedings in ANTIBIOTIC ANTITRUST ACTIONS.**

**STATE OF CALIFORNIA, Plaintiff,**

v.

**CHAS. PFIZER & CO., Inc., et al., Defendants.**

**M 19–93A and 68 Civ. 4343.**

United States District Court, S. D. New York.

April 13, 1971.

CLASS ACTION ORDER NO. 71–11
(CALIFORNIA)

ORDER DETERMINING CERTAIN CLASSES AND DIRECTING RULE 23(c) (2) NOTICE TO CLASS MEMBERS

MILES W. LORD, District Judge (By Assignment).

On February 10, 1971, this court issued Class Action Order No. 71–5, 333 F.Supp. 278 which determined, under Fed.R.Civ.P. 23(c) (1), that this action may be conditionally maintained as a class action under Fed.R.Civ.P. 23(b) (3) by the plaintiff state as a representative party for a class of individual consumers which was defined in that Order. The court in issuing said Order deferred resolution of the questions of manageability of a consumer class and of the manner and form of notice under Fed.R.Civ.P. 23(b) (3) (D) and 23(c) (2). In order to develop a more adequate record upon which the court might determine those questions, Class Action Order 71–5 directed plaintiffs to respond to fourteen enumerated questions and requested replies thereto by defendants.

It now appearing that the definition of the class set forth in Class Action Order No. 71–5 fails to make clear the status of purchasers of broad spectrum antibiotic drug products from public and private hospitals and it further appearing that this group of purchasers should, at this time, be included in the class to whom notice is sent.

It is therefore ordered that the definition of the class set forth in Class Action Order No. 71–5 be, and is, amended to read as follows:

Purchasers within the state who, during the period 1954 through 1966, purchased or paid for broad spectrum antibiotic products for human consumption from public or private hospitals or from pharmacies, drugstores or other retail outlets, including the state, on account of payments made therefor for the benefit of recipients of welfare programs;

And the court having heard further argument on the matters comprehended by said order and in particular on the subjects of the manageability of the class and of the giving of notice to the class members and having read and considered briefs and memoranda of fact and law submitted by the parties in response to the direction of said Class Action Order No. 71–5 and being now fully advised in the premises finds after due consideration as follows:

1. The members of the class defined above are so numerous that joinder of all members of any such class in the same action is impracticable.

2. There are questions of law and fact common to such class.

3. The claim of the state as representative party is typical of the claims of the class represented.

4. The state party plaintiff to this action is determined to be a proper representative of its class here established and will fairly and adequately represent its class.

5. With respect to the class designated above, the questions of law and fact common to the members of the class predominate over any questions of law or fact affecting only individual members.

6. Notice may be directed to the class in a manner consistent with Fed.R.Civ.P. 23(c) (2).

7. The action on behalf of the class can be adequately managed so that a class action is superior to other methods for the fair and efficient adjudication of the controversy between members of the class and defendants.

It is therefore ordered that this action be maintained as a class action under F.R.Civ.P. 23(b) (3) by the state plaintiff for itself and as representative party for the class as amended. And the court having now considered the matter of giving appropriate Rule 23(c) (2) notice to the members of the class and having considered the proposals and arguments of counsel for the parties with respect thereto.

Now therefore it is further ordered as follows:

A. The notice appended hereto as Exhibit A is the best notice practicable under the circumstances to be directed to the members of the class established by this order and by Class Action Order No. 71–5 and is in compliance with Rule 23(c) (2) of the Federal Rules of Civil Procedure.

B. The Attorney General of the plaintiff state shall, on or before May 26, 1971, mail notice in substantially the form appended hereto as Exhibit A to the residents of the state.

C. For purposes of this notice, occupant mailing lists meet the requirements of Rule 23 and may be used in mailing notice to the class. The notice may take the form of a printed postcard of adequate size or of a "mailer", consisting of a folded single sheet of paper. The postcard or "mailer" may bear the legend, "An important message from the United States District Court." The court does not propose to supervise the specific type size and make-up of the notice but the plaintiff state is required to produce clearly legible copies of the notice and to submit the notice, in the form to be mailed, to the court for its final approval.

D. The Attorney General, on or before May 31, 1971, shall file with the Clerk of the Court and serve upon defendants one or more certificates of service describing how the mailing directed by paragraph B herein was effected, together with a copy of the notice form mailed.

E. The plaintiff state, acting through its Attorney General, is directed to cause the giving of a press release at least one week in advance of the aforesaid mailing to each newspaper of general circulation within the plaintiff state indicating and describing the fact that such notices shall be published on the above dates. Such press release shall be submitted to the defendants and the court at least one week prior to its release.

F. The Attorney General, within five days of the giving of the press release, shall file with the Clerk and serve on the defendants a certificate identifying all newspapers to which press releases have been sent, together with a copy of each release.

G. The Attorney General of the plaintiff state, with the assistance of one or more representatives appointed by the counsel for defendants, is directed to arrange for the receipt and keeping of any requests for exclusion or other responses to the notice received from class members and to keep accurate and complete records of such requests and responses.

H. The Attorney General of the plaintiff state shall, within five days of receipt, make available to the defendants any requests for exclusion from the class or other response to the notice. Since it is impossible to anticipate at this time the nature and extent of the responses, the court reserves the question of what, if any, summary or compilation of the responses shall be furnished the court. Such decisions can best be made after a preliminary review of the responses received.

I. The Attorney General shall assume responsibility for and pay all such sums as are necessary to carry out both the giving of the required notice and the handling and processing of responses thereto.

APPENDIX

EXHIBIT A

NOTICE TO CONSUMERS OF CER-
TAIN ANTIBIOTIC DRUGS
WITHIN THE STATE OF CALI-
FORNIA

The State of California, through its Attorney General Evelle J. Younger, has filed a lawsuit in the United States District Court seeking damages for alleged antitrust violations which resulted in overcharges during the years 1954 through 1966 in the sale of certain broad spectrum antibiotic products, Aureomycin, Terramycin and tetracycline (sold under the following trade names among others: Achromycin, Mysteclin, Panalba, Panmycin, Polycycline, Steclin, Tetracyn and Tetrex.) The defendants are the American Cyanamid Co., Chas. Pfizer & Co., Inc., Bristol-Meyers Co., Olin-Mathieson Chemical Co. (Squibb) and The Upjohn Co.

On April 14, 1971, the court determined that the State, by its Attorney General, is the proper representative of a class including:

Purchasers within the state who, during the period 1954 through 1966, purchased or paid for broad spectrum antibiotic products for human consumption from public or private hospitals or from pharmacies, drug stores or other retail outlets, including the state on account of payments made therefor for the benefit of recipients of welfare programs.

This notice is given to you in the belief that you may be a member of the above class whose rights may be affected by this lawsuit. This notice should not be understood as an expression of any opinion of the court as to the merits of any claims or defenses asserted in this lawsuit. Its sole purpose is to inform you of this lawsuit so that you may decide what steps to take in relation to it.

The State alleges in substance that within the period 1954–66 the defendants conspired to restrain trade in the manufacture, sale and distribution of the above-described products and that they also conspired to and did monopolize trade in these drug products. It further alleges that as a result of such conspiracies purchasers of these products have been compelled to pay higher prices than they otherwise would have paid.

The defendants have denied the allegations and deny liability.

If the State succeeds in its lawsuit, purchasers within the State, as described above, may recover money damages. If the defendants succeed in the lawsuit, all those claims which may be asserted in the lawsuit against them will be dismissed and thereafter forever barred.

NOW, THEREFORE, TAKE NOTICE:

1. If you have purchased or paid for any of these Aureomycin, Terramycin, or tetracycline drug products from hospitals, pharmacies, drugstores or other retail outlets within the state in the period 1954–1966:

a. You will be deemed a party to this action and will be bound by the result, whether favorable or unfavorable, *unless* on or before June 25, 1971, you mail to the Clerk of Court a written request to be excluded from the class.

b. If you do not request exclusion from the class but prefer in connection with your individual claims to be represented by your own counsel rather than by the Attorney General, you may enter an appearance through your own counsel by filing in writing not later than June 25, 1971.

c. If you do not request exclusion from the class and do not enter an appearance through counsel of your own choosing, the Attorney General for the State of California will represent your interest in this case. You will be advised at a later time of the results of the action.

d. If you elect to be excluded from the class, you will be free to pursue on your own behalf whatever legal rights you may have.

2. If you should elect to be excluded from the class or if you should desire to be represented by your own counsel, your request to this effect should be sent to

Clerk of the United States District Court
% Attorney General
State of California
Room 6000, 350 McAllister Street
San Francisco, California 94102

John Livingston, Clerk
United States District Court
Southern District of New York

