**George B. GREENE**

v.

**The SINGER COMPANY, Appellant.**

No. 71–1835.

United States Court of Appeals, Third Circuit.

Submitted Sept. 24, 1971.

Decided Nov. 2, 1971.

See also, 3 Cir., 461 F.2d 242.

Dickinson R. Debevoise, Riker, Danzig, Scherer & Brown, Newark, N. J., for The Singer Co.; Winthrop, Stimson, Putnam & Roberts, Brumbaugh, Graves, Donohue & Raymond, New York City, of counsel.

David R. Simon, Simon & Allen, Newark, N. J., for George B. Greene.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

OPINION OF THE COURT

SUR APPELLEE'S MOTION TO DISMISS

ALDISERT, Circuit Judge.

Appellee's motion to dismiss this appeal requires us to decide whether the district court's order denying a petition to disqualify one of appellee's lawyers in the trial of a patent case constitutes a final, and therefore appealable, order under the collateral rule enunciated in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Although a previous order of this court dated September 7, 1971, de-

nied leave to appeal pursuant to provisions of 28 U.S.C.A. § 1292(b), the precise issue posited by this motion has not previously been before us.

The complaint charged the Singer Company with acts constituting unfair competition, violations of the antitrust laws, and patent infringement. Rankin A. Milliken, one of plaintiff's lawyers, had previously been employed as a patent attorney for Friden, Inc., a corporation subsequently acquired by defendant Singer. Defendant alleged that, while in Friden's employ, Milliken represented the company in the matter which is the subject of this lawsuit. The district court refused to disqualify Milliken from representing plaintiff, but did issue an order prohibiting Milliken from disclosing, using, or providing access to confidential information received by way of his employment with Friden.

The finality *vel non* of an order regulating an attorney's trial participation is not a question of first impression in other circuits. The Second and Ninth Circuits have held the *Cohen* rule inapplicable.[1] The Fifth Circuit, however, has found sufficient collateral finality to render such an order appealable.[2] We have decided that the approach followed by the Fifth Circuit is preferable here.

The question of the attorney's participation at trial was "not an ingredient of the cause of action and [did] not require consideration with it." Cohen v. Beneficial Industrial Loan Corp., *supra,* 337 U.S. 546–547, 69 S.Ct. 1226. Thus, we may consider the second prong of the *Cohen* test: whether the matter "fall[s] in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225–1226.

To require appellant to await a final judgment on the merits before testing the legality of the order denying the disqualification may, for practical purposes, deny it the reality of appellate processes. The precise question is whether the prohibitions imposed by the court order are sufficient to protect the interests of the defendant during the course of the trial. If, upon post-trial review, it were held that the safeguards imposed by the district court were too fragile to protect threatened interests, there could be damage inflicted upon the litigant for which the law would provide no practical remedy. Conversely, if the appeal goes forward now, prior to trial, the possibility of irreparable injury would be substantially lessened.

We do not hold that every ruling relating to conflict of interest by an attorney should activate the *Cohen* rule.[3] We decide only that these facts present a compelling argument that the "rights asserted in the action [are] too important to be denied review and too independent of the cause itself" to require a postponement of appellate consideration.

Accordingly, we hold that the June 30, 1971, order of the district court comes within the collateral rule doctrine of Cohen v. Beneficial Industrial Loan Corp., *supra,* and is a final, and, therefore, appealable order.

Appellee's motion to dismiss will be denied.

1. Fleischer v. Phillips, 264 F.2d 515 (2d Cir.), cert. denied, 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959); Marco v. Dulles, 268 F.2d 192 (2d Cir. 1959); Willheim v. Murchison, 312 F.2d 399 (2d Cir. 1963); Cord v. Smith, 338 F.2d 516, 521 (9th Cir. 1964).

2. Tomlinson v. Florida Iron & Metal, Inc., 291 F.2d 333 (5th Cir. 1961) and Uniweld Products, Inc. v. Union Carbide Corp., 385 F.2d 992 (5th Cir. 1967).

3. "Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept [a contrary] view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters." Borden Co. v. Sylk, 410 F.2d 843, 846 (3d Cir. 1969).