**In re GRAND JURY INVESTIGATION.**

**Appeal of Carl Max JANAVITZ, Esquire and Burton Sandler, Esquire, in No. 77–1916.**

**Appeal of UNITED STATES of America, in No. 77–2054.**

**Nos. 77–1916, 77–2054.**

United States Court of Appeals, Third Circuit.

Argued Feb. 23, 1978.

Reargued In Banc May 11, 1978.

Decided June 2, 1978.

## OPINION OF THE COURT

PER CURIAM.

■ The first of these appeals (77–1916) is from a final order of the district court disqualifying attorneys Sandler and Janavitz from representing Phyllis Johns, a federal grand jury witness. The district court found a conflict of interest and determined that Phyllis Johns could not have properly waived it. The court is evenly divided on the merits of this appeal.

■ The second appeal (77–2054) is by the government from an order of the district court denying the government's motion to disqualify attorneys Sandler and Janavitz from representing some six other grand jury witnesses. The district court determined that the motion for disqualification was not ripe for judicial intervention under the circumstances of the case. The court by a majority vote determines that this appeal should be dismissed for want of an appealable order.

The order of the district court at No. 77–1916 will be affirmed. The appeal at No. 77–2054 will be dismissed.

Blair A. Griffith, U. S. Atty., Henry G. Barr, Bruce A. Antkowiak, Faye M. Gardner, Asst. U. S. Attys., Pittsburgh, Pa., for the United States.

Robert McClenahan, Janavitz & Kanfoush, Pittsburgh, Pa., for Carl M. Janavitz and Burton Sandler in Nos. 77–1916 and 77–2054.

Robert L. Potter, Pittsburgh, Pa., amicus curiae counsel.