**In re FINE PAPER ANTITRUST LITIGATION, Kimberly-Clark Corporation, Appellant.**

No. 79–1929.

United States Court of Appeals, Third Circuit.

Argued Dec. 13, 1979.

Decided Feb. 21, 1980.

H. Blair White (argued), Nathan P. Eimer, David M. Schiffman, William O. Fifield, Sidley & Austin, Chicago, Ill., Thomas M. Stanton, David C. McKee, Neenah, Wis., for Kimberly-Clark Corp.

Harold E. Kohn (argued), Dianne M. Nast, Robert J. LaRocca, Kohn, Savett, Marion & Graf, Philadelphia, Pa., for Magazine Management Co., Inc.

Warren Rubin, Gross & Sklar, Philadelphia, Pa., for Pengad Co.

Arnold Levin, Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., for Moses Jaroslawicz t/a J & B Toy and Stationery.

Jack L. Chestnut, Chestnut & Brooks, Minneapolis, Minn., for Artcraft Press, Inc., & Prompt Printing.

H. Laddie Montague, Jr., Berger & Montague, Philadelphia, Pa., for Archdiocese of Philadelphia.

Leonard Barrack, Barrack, Rodos & McMahon, Philadelphia, Pa., for William Fels t/a Fels Printing.

Granvil I. Specks, Specks & Goldberg, Chicago, Ill., for Herst Litho, Inc.

Dean A. Dickie, Lowell E. Sachnoff, Sarah R. Wolff, Schnoff, Schrager, Jones, Weaver & Rubenstein, Chicago, Ill., for Nationwide Direct Purchaser Class Certified by Pretrial Order No. 30.

Gary R. Reiss, O'Brien & Hallisey, San Francisco, Cal., for William Grader, et al., Guido Saveri, Saveri & Saveri.

Before ALDISERT, VAN DUSEN and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge.

Kimberly-Clark moved to disqualify Harold E. Kohn, H. Laddie Montague, Lowell E. Sachnoff, Guido Saveri and Granvil Specks, Esqs., and their firms from acting as counsel for the class in the Fine Paper Antitrust Litigation. The trial judge denied the motion to disqualify and Kimberly-Clark seeks immediate review of the order denying disqualification. Appellees have moved to dismiss the appeal for lack of appellate jurisdiction. Because this appeal does not satisfy the criteria for collateral appealability the motion to dismiss is granted.

I

FACTS

The Fine Paper Antitrust Litigation was filed in July 1977. Eleven months later in May 1978, Kimberly-Clark was named a party defendant. After a vigorous contest, the plaintiffs' class was certified on February 16, 1979. Kimberly-Clark played an active role before the district court in opposing the class certification. Yet, at no time during the nearly year long proceeding did Kimberly-Clark challenge the class certification on the ground that class counsel was acting under a conflict of interest.

The facts upon which Kimberly-Clark predicated its disqualification motion were known by Kimberly-Clark throughout the period of contesting class certification. Immediately after losing the class certification issue, Kimberly-Clark presented the district court with a motion to disqualify class counsel from conducting the action, predicated on a conflict of interest or, at minimum, an appearance of impropriety.[1]

Messrs. Kohn, Montague, Sachnoff, Saveri, Specks and their firms represent the plaintiff-classes in the Folding Carton Antitrust Litigation and the Corrugated Container Antitrust Litigation. Kimberly-Clark is not a named party in either case but is one of the several hundred thousand absent class members in both actions. Thus, as an absent class member, Kimberly-Clark's interests are being advanced by Messrs. Kohn, Montague, Sachnoff, Saveri, Specks and their firms in those two cases. Both of those cases were filed prior to commencement of the Fine Paper action. The alleged conflict of interest arises from the fact that the counsel suing Kimberly-Clark as a named defendant in the Fine Paper action, also represent Kimberly-Clark's interest as absent class members in the two other cases. The three actions are, however, unrelated.

Although Kimberly-Clark enjoyed absent class member status in the *Folding Carton* and *Corrugated Container* actions before being named a party defendant in *Fine Paper*, it never communicated in any fashion with the class attorneys nor attempted to do so. No information, confidential or otherwise, was provided by Kimberly-Clark to the class attorneys whom it seeks here to disqualify.[2]

---

1. Local Rule 11 of the United States District Court for the Eastern District of Pennsylvania provides that "[T]he Canons of Ethics of the American Bar Association as now existing shall be and as hereafter modified shall become standards of conduct for attorneys of this Court."

2. The Folding Carton Litigation was filed in 1976 and certified as a class action in 1977, 35,000 potential class members were notified of the options to remain class members, opt out, or retain separate counsel to represent their interests. Kimberly-Clark neither opted out

The district court denied the motion to disqualify. In the words of the trial judge, Kimberly-Clark "stood by while plaintiffs' counsel participated most actively in every phase of the litigation from the inception of the cases prior to transfer date, including the MDL [multi-district litigation] proceedings; the extensive discovery proceeding; the long series of settlement negotiations; and trial preparation." The district court believed that to disqualify counsel at this stage of the proceedings "would seriously jeopardize the position of the plaintiff class; . . . and lead inevitably to an indefinite postponement of trial." The court thought that Kimberly-Clark's delay in moving to disqualify evinced a motive that is "less concerned about enforcing the Code of Professional Responsibility than it is in gaining a tactical advantage over its adversaries in these cases." Upon addressing the merits, the district court concluded that "mere membership of a defendant in a nationwide plaintiff's class represented by counsel in one proceeding" is not "sufficient grounds to disqualify that same counsel in an unrelated suit." The controlling reason to the district court was the total lack of any disclosures made in confidence by Kimberly-Clark to the attorneys it here seeks to disqualify.

Pertinent to this appeal are: Canon 4, "A lawyer should preserve the confidence and secrets of a client"; Canon 5, "A lawyer should exercise independent professional judgment on behalf of a client"; Canon 9, "A lawyer should avoid even the appearance of professional impropriety." [3]

## II

## THE COLLATERAL ORDER DOCTRINE

Our first task on review is to ascertain whether appellate jurisdiction exists. Title 28 U.S.C. § 1291 provides for appeals from "all final decisions of the district court", except where a direct appeal to the Supreme Court may be taken. The present appeal does not stem from a final decision pertinent to the merits of the action, but rather, it is predicated on the collateral order doctrine of appealability.

In *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1948), the Court first enunciated the requirements that a decision must meet to be capable of collateral review prior to the termination of the action.[4] These requirements have recently been restated in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1977) to require that the decision "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Kimberly-Clark contends that the district court order denying disqualification of class counsel satisfies *Cohen's* requirements for immediate collateral review.

Although this court has "not been overly hospitable to requests" to extend the collateral order doctrine, *Hackett v. General*

---

nor separately hired counsel. Neither did it participate in any way nor contribute any information to the conduct of the litigation.

In *Corrugated Container,* Kimberly-Clark was among 160,000 notified class members. Once more it did not opt out. Nor did Kimberly-Clark choose to protect its substantial interests in that litigation (amounting to over $90,-000,000) by retaining separate counsel to represent them. The date for doing so was October 28, 1979. Instead, prior to that date, it filed this motion to dismiss the aforenamed class counsel from representing the *Fine Paper* class.

**3.** Where these three canons, have intertwined before, this court has said that disqualification of an attorney is appropriate if "he may have acquired material that is substantially related

to his disputed representation in the course of a prior employment." *Kreda v. Rush,* 550 F.2d 888, 889 (3d Cir. 1977).

**4.** In *Cohen v. Beneficial Loan Co.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1948), the Court described the small class of decisions capable of review prior to termination of the action on the merits: the decision must "finally determine claims of right (1) "separable from, and collateral to, rights asserted in the action", (2) "too important to be denied review", and (3) "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

*Host Corp.*, 455 F.2d 618, 621 (3d Cir. 1972), *cert. denied*, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1971) we are mindful of and bound by the general rule of this circuit that disqualification orders are reviewable. *See, e. g., International Business Machine Corp. v. Levin*, 579 F.2d 271, 278 (3d Cir. 1978); *Kroungold v. Triester*, 521 F.2d 763, 765 (3d Cir. 1975). *Greene v. Singer Company*, 509 F.2d 750 (3d Cir. 1971) *cert. denied*, 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972). *But see e. g., In Re Grand Jury Proceedings*, 576 F.2d 1071 (3d Cir. 1978) (en banc), *cert. denied*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 343 (1978); *Levin v. Ripple Twist Mills, Inc.*, 549 F.2d 795 (3d Cir. 1977) (Appeal from denial of disqualification motion dismissed without published opinion). Nevertheless, not "every ruling relating to conflict of interest by an attorney should activate the *Cohen* rule" to permit immediate collateral review. *Greene v. Singer Company*, 509 F.2d 750, 751 (3d Cir. 1971) *cert. denied*, 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972). Each order denying disqualification must independently satisfy the criteria for collateral review or await post trial review. *See In Re Grand Jury Investigation*, 576 F.2d 1071 (3d Cir. 1978) (en banc), *cert. denied*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 343 (1978).

■ The "appealability of any order entered in a class action is determined by the same standards that govern appealability in other types of litigation." *Coopers & Lybrand v. Livesay*, 437 U.S. at 470, 98 S.Ct. at 2459. Application of *Cohen's* criteria to the order denying disqualification of class counsel reveals that two of the three prerequisites to collateral review are not here satisfied.[5] Although this issue is separable from and collateral to the merits of the antitrust action, thereby satisfying one criterion of *Cohen*, the ruling denying disqualification does not meet the finality requirement for collateral review. Kimberly-Clark has also failed to demonstrate that any rights would be irretrievably lost by post trial review of this order. Thus, it has not been shown that the question is effectively unreviewable on appeal from a final judgment and fails to meet that requirement of the *Cohen* doctrine.

## A. The Finality Requirement

■■ Orders denying disqualification of class counsel on the basis of a conflict of interest have been found not to meet the finality requirement of collateral review. *North American Acceptance v. Arnall, Golden & Gregory*, 593 F.2d 642, 644 & n.3 (5th Cir. 1979); *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 104 (5th Cir. 1978); *Glenn v. Arkansas Best Corp.*, 525 F.2d 1216, 1217 (5th Cir. 1975). Finality has been found lacking because the disqualification issue is intertwined with the determination of adequacy of representation which is a prerequisite to class certification under Rule 23(a)(4). Since the class certification determination is not itself collaterally appealable after *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1977),[6] neither should the component

---

5. We are not presented here with the question whether an order granting a motion to dismiss class counsel is sufficiently final to meet the "finality" requirement of the collateral order doctrine of *Cohen v. Beneficial Loan Co.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1948). Reasons suggest themselves that the two situations, motions granting as opposed to motions denying disqualification, are distinguishable for purposes of appealability. An order disqualifying class counsel terminates conclusively the attorney's role in the litigation. No further consideration of the question will be undertaken by the district court once it has executed its decision to dismiss. With an order denying disqualification in the class action context, however, the judge must continue his scrutiny of the class lawyers' representation, and, there-fore, the order denying dismissal does not conclude the inquiry into the ethical performance of the class counsel.

6. When the class was certified, the district court necessarily determined that the attorneys for the class would adequately represent the class interests, Fed.R.Civ.P. Rule 23(a)(4), and that the class attorneys were generally able to conduct the litigation, *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3d Cir. 1975), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). The allegation of a conflict of interest was indeed relevant and should properly have been presented to the district court during the drawn out contest of class certification. Kimberly-Clark would not have been free to hold back this allegation as a

determinations leading up to class certification be collaterally appealable.

▇▇▇ To comply with the finality requirement of collateral review, the order "must conclusively determine the disputed question." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1977). Because the "class action is a special type of proceeding," *Kramer v. Scientific Control Corp.,* 534 F.2d 1085, 1091 (3d Cir. 1976), *cert. denied,* 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976), with the unusual consequence that persons who are not named parties are bound by the judgment, *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir. 1968) *vacated and remanded,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1973) the district court is under an ongoing duty to supervise class counsel in order to protect absent class members.

▇▇▇ Class representatives must fairly and adequately protect the interests of the class as a prerequisite to class certification. Fed.R.Civ.P. 23(a)(4). To meet the adequate representation requirement, the class attorneys "must be qualified, experienced, and generally able to conduct the proposed litigation." *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).[7] If in maintaining the class action in *Fine Paper* the attorneys should be disqualified because of a conflict of interest, then certainly they are not "generally able to conduct the litigation" and there is inadequate representation of the class's interests. *North American Acceptance v. Arnall, Golden & Gregory,* 593 F.2d 642, 644 (5th Cir. 1979). Moreover, the

presence of the alleged conflict would create divided loyalties which would constitute inadequate representation. Under Rule 23, the trial judge has a constant duty, as trustee for absent parties in the class litigation, to inquire into the professional competency and behavior of class counsel. *Johnson v. Shreveport Garment Co.,* 422 F.Supp. 526, 535, (W.D.La.) *aff'd.,* 577 F.2d 1132 (5th Cir. 1976); *In Re Antibiotic Antitrust Actions,* 333 F.Supp. 278, 286, *amended* 333 F.Supp. 291, *mandamus denied,* 449 F.2d 119, *amended* 333 F.Supp. 299 (S.D.N.Y.1971); *Hernandez v. United Fire Insurance Company,* 79 F.R.D. 419, 425–426 (N.D.Ill.1978). The district court must renew its stringent examination of the adequacy of class representation throughout the entire course of the litigation. *National Association of Regional Medical Programs, Inc. v. Matthews,* 179 U.S.App.D.C. 154, 158, 551 F.2d 340, 344 (D.C. Cir. 1976), *cert. dénied,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1976). Therefore, the denial of the motion to disqualify does not dispose of the issue of class counsels' professional ethics because the trial court has the continuing duty to monitor the status, as to possible conflict, of the class attorneys to assure that the class is adequately represented. *North American Acceptance v. Arnall, Golden & Gregory,* 593 F.2d 642, 645 (5th Cir. 1979). "If at any time the trial court realizes that class counsel should be disqualified, it is required to take appropriate action." *Id.* Unlike ordinary litigation, the disqualification motion in a class action context does not "[present] the trial court with a now or never decision." *Id.* Therefore, the denial of the disqualification of the class attorney does not "conclusively determine the disputed

trump card to be used in a later strategy; the allegation should have been made during the class certification contest period because an attorney's conflicting or divided loyalty could constitute inadequate representation. For this reason, the district court found that Kimberly-Clark was time-barred from raising this claim subsequent to the period in which Kimberly-Clark opposed class certification. However, the district court's duty to protect absent class members' interests required that it also address the merits of the allegation. The court concluded that no conflict of interest existed. Be-

cause these facts were not brought to the attention of the district court before class certification, the initial determination of adequate representation did not decide this question and *Coopers & Lybrand* is not implicated here.

7. The other component of adequate representation identified by *Wetzel* is that the plaintiff not have interests antagonistic to those of the class. 508 F.2d 239, 247 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

question" about the attorneys' ethical behavior and, accordingly, it does not meet the finality requirement of the collateral order doctrine.

In *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1088 (3d Cir. 1976), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976), where a serious question of impropriety existed when a law partner of the named plaintiff was chosen to represent the class, this court reviewed the trial judge's decision to deny the motion to disqualify class counsel. We did so only after concluding "that the questions presented in the appeal are 'too important to be denied review.'" *Id., quoting Cohen.* The question presented by the disqualification motion in this appeal, however, does not reach that level of "importance." The district court here thought that the disqualification motion was mere pretense for delay. We agree. Canon 4 proscribes an attorney from proceeding against a client in order to assuage the client's fears that "confidences conveyed to his attorney in one action will come back to haunt him in a later one." *Richardson v. Hamilton International Corp.*, 469 F.2d 1382, 1384 (3d Cir. 1972), *cert. denied*, 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1972); *Akerly v. Red Barn Systems, Inc.*, 551 F.2d 539, 544 (3d Cir. 1977). Here, Kimberly-Clark never communicated nor sought to communicate any information to the lawyers representing the interests of absent class members. Thus, there is no possibility of information given in reliance on the attorney-client relationship being used against Kimberly-Clark. Nor does Canon 5's concern that a lawyer's judgment not be impaired by divided loyalties raise a serious question here where class counsel have had no contact and are precluded from future contact with absent class members. Therefore this appeal, unlike *Kramer*, does not implicate a question of the magnitude of importance necessary

for collateral review as of right. We further note that this does not preclude appellate review; as an alternative to collateral review as of right under 28 U.S.C. § 1291, the trial judge is free to certify an important question for immediate review, under 28 U.S.C. § 1292(b).[8] *See Hackett v. General Host Corp.*, 455 F.2d 618, 624 (3d Cir. 1972), *cert. denied*, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1971). Because the finality requirement of *Cohen's* collateral order doctrine is not met, review is not appropriate.

B. *The Irreparable Harm Requirement*

To qualify for collateral appeal the order must be such that its review cannot, in the nature of the question that it presents, await final judgment because "When that time comes, it will be too late effectively to review the . . . order and rights conferred . . . will have been lost, probably irreparably." *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1948); *see* 9 Moore's Federal Practice ¶ 110.10 at 133. To defer review of the motion to disqualify the class counsel here until the end of the litigation does not make appeal an empty rite nor cause rights to be irretrievably lost. "The party's claim that the class attorney should have been disqualified is, in effect, a claim that the class was not adequately represented. And the requirement that the class be adequately represented is reviewable on appeal from a final judgment." *North American Acceptance v. Arnall, Golden & Gregory*, 593 F.2d 642, 645 (5th Cir. 1979). If, after post trial review, a conflict of interest is found, then the adequacy of representation requirement for class certification will not have been met and the appropriate remedy is to decertify the class. *North American Acceptance v. Arnall, Golden & Gregory*, 593 F.2d 642, 645 (5th Cir. 1979) (trial court may enter a

8. 28 U.S.C. § 1292(b) provides, "When a district judge, is making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order . . .."

remedial order or decertify the class). No rights of the class are irreparably lost by postponed review.

Kimberly-Clark contends that it will suffer harm if review is delayed. We find no merit in this contention because we cannot see what harm will result from these attorneys proceeding against Kimberly-Clark. As class attorneys representing Kimberly-Clark as an absent class member, they have not been privy to any confidential information; *a fortiori*, they can reveal none to the detriment of Kimberly-Clark. *See Akerly v. Red Barn Systems, Inc.*, 551 F.2d 539, 544 (3d Cir. 1977). In *International Business Machine Corp. v. Levin*, 579 F.2d 271, 280, 281 (3d Cir. 1978), this court did not require that a specific deleterious effect be identified; the mere possibility of real harm to a client sufficed to prevent his attorney from proceeding against him in an unrelated matter. Here, Kimberly-Clark has even failed to hypothesize any harm which may inure to it. Further, the absolute lack of prior communication prevents any harm from materializing. Kimberly-Clark alleges that it would like to assume active participation in the two actions in which it is an absent class member, but that it is prevented from so doing because it cannot reveal information to these attorneys. The class attorneys, however, are under court orders not to communicate with any absent class members. Kimberly-Clark had evinced no desire to participate in those actions prior to being named a defendant here. On balance we agree with the district court that Kimberly-Clark's interests, amounting to more than $90,000,000, are sufficient to permit it to retain separate counsel if it wants to participate in the two other litigations. "Although this solution imposes a slight burden on Kimberly-Clark, it would be minimal when compared to the prejudice which would result to thousands of class members here if their counsel, who brought this complex litigation to the point of settlement or trial, were disqualified." Opinion of district court at p. 7. Based on these facts, we cannot see an appearance of impropriety that would constitute irreparable harm such as to undermine the public's confidence in the Bar. *Richardson v. Hamilton International Corporation*, 469 F.2d 1382, 1385–86 (3d Cir. 1972). Thus, Kimberly-Clark has not shown that irreparable harm will accrue if we delay review.

Accordingly, the appeal is dismissed for want of an appealable order.