**P STONE, INC.**

v.

**KOPPERS CORPORATION; Lycoming Silica Sand, Koppers Company, Inc. and Lycoming Silica Sand Company, Appellants.**

**No. 80–1111.**

United States Court of Appeals, Third Circuit.

Argued Sept. 18, 1980.

Decided Oct. 7, 1980.

James W. Evans (argued), Goldberg, Evans & Katzman, Harrisburg, Pa., for appellants.

Clifford A. Rieders, Burk E. Bishop (argued), Stuart, Murphy, Smith, Mussina, Harris & Rieders, Williamsport, Pa., for appellee.

Before ALDISERT, ROSENN and GARTH, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The question for decision is whether in this anti–trust case the district court's order denying a motion to disqualify plaintiff's counsel is appealable under the test announced in *Greene v. Singer Co.*, 509 F.2d 750 (3d Cir. 1971) (sur motion to dismiss appeal), *cert. denied*, 409 U.S. 848, 93 S.Ct. 54, 34 L.Ed.2d 89 (1972), and in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We hold that it is not and dismiss.

Although this court has faced repeatedly the problem of disqualification of counsel, and although the increasing frequency of these motions raises the possibility that counsel are using them for purely strategic purposes, it is not necessary for this court to discuss in detail the numerous cases in which we have applied the *Greene–Cohen* test.[1] The Supreme Court has granted certiorari in a case raising this troublesome question. *See In Re Multi–Piece Rim Products Liability Litigation*, 612 F.2d 377 (8th

ally disregarded the standard which had been directly called to its attention, is beyond question and I so find." [166a].

1. *See, e.g., In re Fine Paper Antitrust Litigation*, 617 F.2d 22 (3d Cir. 1980); *Akerly v. Red Barn System, Inc.*, 551 F.2d 539, 542–43 (3d Cir. 1977); *Kramer v. Scientific Control Corp.*, 534 F.2d 1085, 1088 (3d Cir.), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed. 94 (1976);

Cir. 1980) (in banc), *cert. granted sub nom. Firestone Tire & Rubber Co. v. Risjord,* 446 U.S. 934, 100 S.Ct. 2150, 64 L.Ed.2d 786 (1980). Pending instruction from the Supreme Court, we will continue using the analysis previously adopted by this court.

The appellants seek to invoke this court's jurisdiction pursuant to 28 U.S.C. § 1291, which gives the courts of appeals jurisdiction of "appeals from all final decisions of the district courts . . . ." Although they recognize that an order denying a pre–trial motion to disqualify opposing counsel is not a "final decision," they argue that the present case is within the "collateral order" doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Cohen* held that a preliminary order may be treated as an appealable "final decision" under § 1291 if it falls within "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225. In addition, the Court noted that an appeal from a final judgment would come "too late effectively to review the present order and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably." *Id. Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), endorsed and restated the *Cohen* test. To come within *Cohen,* "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judg-

ment." *Id.* at 468, 98 S.Ct. at 2458 (footnote omitted).

In *Greene v. Singer Co.,* we applied the *Cohen* test and permitted an immediate appeal from an order denying a motion to disqualify counsel. *Greene,* however, specifically refused to "hold that every ruling relating to conflict of interest by an attorney should activate the *Cohen* rule." 509 F.2d at 751 (footnote omitted). We recognized then, and we reiterate now, that every attempt to appeal an interlocutory order of a district court raises serious questions of appellate jurisdiction.[2] As we explained in *Greene,*

> "Every interlocutory order involves, to some degree, a potential loss. That risk, however, must be balanced against the need for efficient federal judicial administration as evidenced by the Congressional prohibition of piecemeal appellate litigation. To accept [a contrary] view is to invite the inundation of appellate dockets with what have heretofore been regarded as nonappealable matters."

*Id.* at 751 n.3 (quoting *Borden Co. v. Sylk,* 410 F.2d 843, 846 (3d Cir. 1969)).

We conclude that the appellants here have not demonstrated an irreparable harm as required by the *Greene–Cohen* test; their contentions may be reviewed in due course on appeal from a final judgment. The appellants in this case allege two categories of harm. First, they charge that a partner in the firm of Stuart, Murphy, Smith, Mussina, Harris & Rieders represented Raymond A. Gottschall in an aborted sale of land to Lycoming, a subsidiary of Koppers, at the same time another Stuart attorney was preparing the present anti–trust suit against Koppers and Lycoming;

*Kroungold v. Triester,* 521 F.2d 763, 765 (3d Cir. 1975); *American Roller Co. v. Budinger,* 513 F.2d 982, 983 (3d Cir. 1975).

**2.** *See, e.g., Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940):

> Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial

administration. Thereby is avoided the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment. To be effective, judicial administration must not be leaden–footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause.

and that a Stuart attorney introduced documents obtained in the Gottschall representation at a deposition in the anti–trust suit. Second, they allege that the Stuart firm performed some estate work for members of the Heim family, the family which formerly owned Lycoming. The district court held that the appellants did not have standing to raise these matters in a motion to disqualify counsel in the anti–trust case. *P Stone, Inc. v. Koppers Co., Inc.*, Civ. No. 78–720, typescript op. at 7–8 (M.D.Pa. Nov. 30, 1979). Judge Rambo reasoned that the record revealed "no evidence of actual, potential or apparent harm to the present parties" from either the Gottschall representation or the Heim family estate work. *Id.* The court saw no potential for harm in the Stuart firm's use of Gotschall documents because they could have been obtained by discovery. *Id.* at 7 n.6.

Our independent review of the record persuades us that the appellants have alleged no actual or potential harms that cannot be vindicated on appeal from a final judgment of the predicate case.[3] Applying the *Greene–Cohen* test, we conclude that the district court's order of November 30, 1979, was not a final decision within the meaning of 28 U.S.C. § 1291.

The appeal will be dismissed for want of jurisdiction.

---

**3.** We need not now consider Judge Rambo's conclusion that appellants have shown no potential for harm to their interests, nor the further question of whether the appellants have standing to assert a possible harm to the interests of a third party (Gotschall). We need only ascertain that the rights the appellants have asserted will survive until final judgment and that their evidentiary and judicial integrity claims may be reviewed effectively at that time.