**Michele NILSEN, et al., on behalf of themselves and on behalf of others similarly situated, plaintiffs**

v.

**YORK COUNTY, Defendant**

No. CIV. 02–212–P–H.

United States District Court, D. Maine.

March 4, 2005.

David G. Webbert, Johnson & Webbert, LLP, Augusta, ME, Howard Friedman, J. Lizette Richards, Myong J. Joun, Boston, MA, for Michele Nilsen, On Behalf Of Herself And On Behalf Of Others Similarly Situated and Michael Goodrich and Charles Neville, Plaintiffs.

John J. Wall, III, Monaghan, Leahy, Hochadel & Libby, Harrison L. Richardson, Thomas R. McKeon, Richardson, Whitman, Large & Badger, Portland, ME, Peter T. Marchesi, Wheeler & Arey, P.A., Waterville, ME, for York County, Defendant.

## ORDER ON MOTION FOR PRE-LIMINARY APPROVAL OF CLASS SETTLEMENT

HORNBY, District Judge.

This is a class action lawsuit over strip searches of arrestees at the York County jail. I previously certified a class and the court of appeals affirmed the certification. *Nilsen v. York County,* 219 F.R.D. 19, 19–20 (D.Me. 2003), *aff'd sub nom. Tardiff v. Knox County,* 365 F.3d 1, 7 (1st Cir.2004). The parties have now settled their dispute. They request that I approve the settlement they have crafted and, to that end, that I now approve and direct class-wide notice of the settlement. I held a preliminary hearing on this motion on January 24, 2005, and received later supplemental filings as a result of questions raised at the hearing.

The parties ask first that I rule preliminarily on whether I will approve the settlement's provision that class members who were arrested multiple times receive no extra recovery for the resulting multiple strip searches. I will not make the requested preliminary ruling. I sympathize with counsel's desire to find out my position in advance, so that they might avoid increased expenses if there is a change, but at this point I cannot say with confidence whether this allocation would prevent me from finding that the settlement is fair, reasonable and adequate. I believe, therefore, that I should await input and argument from objecting class members, rather than prejudge the issue in the absence of adversarial presentations.

The parties also request that I dispense with the second opportunity to request exclusion that Federal Rule of Civil Procedure 23(e)(3) provides. Such a decision "is confided to the court's discretion.... Many factors may influence the court's decision. Among these are changes in the information available to class members since expiration of the first opportunity to request exclusion, and the nature of the individual class members' claims." Fed.R.Civ.P. 23(e)(3), 2003 advisory committee's note. Several elements of the proposed settlement here counsel a new opportunity to request exclusion. These include the breadth of the type of searches and actors covered by the settlement, thereby foreclosing further litigation by members of the class; the settlement's allocation to women of twice the amount awarded men; and the settlement's allocation of a recovery to each individual that does not vary by the number of times that individual was searched. I will therefore refuse to approve the settlement (and will not direct class-wide

notice) unless the settlement agreement affords a new opportunity for exclusion as provided for in Rule 23(e)(3).

Otherwise, I find that the notice that the parties have proposed amounts to "notice in a reasonable manner" as required by Rule 23(e)(1)(B). If the parties file an amended settlement agreement that includes a new and reasonable opportunity to request exclusion,[1] I will direct class-wide notice accordingly, provided that the notice is also revised to include the opportunity for and the deadline for requesting exclusion.

Any motion for attorney fees and nontaxable costs shall be filed by such a time that the Rule 23(h)(1) notice of the fee request can be combined with the Rule 23(e) notice of settlement and sent to the class at the same time.

Counsel shall prepare an order to include other necessary elements, such as appointment of the claims administrator, deadlines for written objections and other interim deadlines.

If all these items are filed in a timely manner, a hearing under Rule 23(e)(1)(C) will take place on August 1, 2005, at 10:00 a.m. on whether the settlement is fair, reasonable and adequate and whether any requests for attorney fees and nontaxable costs should be allowed. I will hear appropriate objections on all those matters at that time. *See* Rule 23(e)(4)(A), (h)(2), (3).

Despite the usage of the *Manual for Complex Litigation (Fourth)*, § 21.632 (2004), and what I have done in previous class actions following that usage, I do not characterize this order as a preliminary fairness determination. Because a judicial declaration of "preliminary fairness" unjustifiably suggests a built-in headwind against objections to the settlement, I am determining simply whether the proposed settlement agreement deserves consideration by the class and whether the notice is appropriate. I reserve all determinations of the proposed settlement's fairness,

reasonableness and adequacy until the August 1 hearing.

So Ordered.

---

1. This amended agreement should also include the changes the parties report having made following the January 24, 2005 hearing. The parties referred to these changes in their brief, *see* Pls.' Supplemental Consent Mem. in Support of Consent Mot. for Prelim. Approval of Class Settlement at 18–20 (Docket Item 116), but have not yet filed an amended settlement agreement reflecting these changes.